Lillian S. BLACKWELL et al., Plaintiffs,

v.

Albertis S. HARRISON, Jr., et al., Defendants.

Civ. A. No. 2873.

United States District Court
E. D. Virginia,
at Alexandria.

Argued May 17, 1963.

Decided June 27, 1963.

Noel Hemmendinger and Allison W. Brown, Jr., Washington, D. C., and Otto L. Tucker, Alexandria, Va., for plaintiffs.

Robert D. McIlwaine, III, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants Albertis S. Harrison, Jr., and Robert Y. Button.

William J. Hassan, Commonwealth's Atty. for Arlington County, and Peter J. Kostik, Asst. Commonwealth's Atty. for Arlington County, for defendants William J. Hassan and Major William G. Fawver.

Thomas O. Lawson, Asst. Commonwealth's Atty., for Fairfax County, Fairfax, Va., for defendants Ralph G. Louk and Major William L. Durrer.

Robert T. Barton, Jr., and Alexander Wellford, Richmond, Va., for defendants Neighborhood Theatre Inc., Jefferson Corp. of Virginia and Lee Amusement Corp.

Before BRYAN, Circuit Judge, and LEWIS and BUTZNER, District Judges.

PER CURIAM.

Racial segregation is required by Virginia law in "any public hall, theatre, opera house, motion picture show or any place of public entertainment or public assemblage",* if both white and colored persons attend. To this end, the statute directs the proprietor to set apart and designate separate accommodations for white and colored patrons.

* §§ 18.1–356 and 18.1–357 Code of Virginia 1950, as amended.

652

The defendant corporations operate motion picture theatres in Arlington and Fairfax counties which admit only white persons as separate seating is not provided for the two races. Negroes, plaintiffs sought admission to these theatres and were refused. Thereupon, they brought this suit seeking (1) a declaration of the law's invalidity, and (2) an injunction against continuance of the refusal.

■■ The Governor of Virginia and the Attorney General of the State have moved to be dismissed as parties defendant. As they have no "special relation" to the controversy, their motions should be sustained. Ex parte Young, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Likewise we grant the motions of the Commonwealth's Attorney (the prosecuting attorneys) and the Chief of Police for each of the counties to be dropped as defendants. Threat of the enforcement of the penal sections of the statute against the plaintiffs is not demonstrated in the complaint. The controversy pleaded is one with the defendant proprietors. The facts of the case—the request to enter the theatres and the rejections—do not show a violation of the statute or any threat thereof in the future. It was a perfectly peaceful test of the law and would not be ground for invocation of police action.

■■ Upon the authority of Peterson v. City of Greenville, 373 U.S. 244, 83 S.Ct. 1133, 10 L.Ed.2d 323, we hold the segregation ordered by the State law to be void as contravening the Fourteenth Amendment. We are informed that the defendant operators now allow Negroes to enter the theatres without restriction or segregation. The injunction sought by the plaintiffs is thus no longer needed, and the complaint in that respect will, therefore, be dismissed as moot.

Adopting this memorandum as a statement of its findings of fact and conclusions of law, the Court will enter an order in conformity with these views.